IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-140-FL

| | | |
|---|---|---|
| RONALD NEWELL DAY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TRUSTEE RICHARD M. STEARNS, | ) | |
| | ) | |
| Appellee. | ) | |

This matter comes before the court on appeal by debtor Ronald Newell Day ("appellant"), from an order of the bankruptcy court entered May 7, 2013, granting the motion to dismiss of Chapter 12 trustee, Richard M. Stearns ("trustee" or "appellee"), based on failure to make payments pursuant to a confirmed Chapter 12 plan. Also before the court is appellant's motion to stay pending appeal (DE 25), filed October 15, 2013. The issues presented are ripe for ruling.

## BACKGROUND

On April 30, 2010, appellant and Laura Barton Day (collectively "debtors") filed a voluntary petition for relief under Chapter 12 of the Bankruptcy Code. Appellee was appointed as trustee in debtors' bankruptcy case by order entered May 3, 2010. Debtors filed a third amended plan on May 27, 2011, and the bankruptcy court entered an order confirming debtors' Chapter 12 plan on August 30, 2011. (DE 2-2). The confirmed plan called for periodic payments through appellee for the benefit of creditors, in addition to direct payments to the U.S. Department of Agriculture, Farm Service Agency, on a secured claim on debtors' residence. (DE 2-2 at 6-8).

On November 30, 2012, trustee filed a motion to dismiss the debtors' case for failure to make plan payments pursuant to their confirmed Chapter 12 plan. (DE 3-10). The bankruptcy court held hearings on the motion to dismiss on February 19 and April 4, 2013, at which the trustee and government on behalf of Farm Service Agency proffered evidence regarding the extent of debtors' delinquency on plan payments. (DE 4 at 3, 6, DE 5 at 15). At the April 4, 2013, hearing, the bankruptcy court found that debtors failed to make payments under the plan totaling in excess of $17,000.00, through the date of hearing. (DE 5 at 4, 5, 9, 11, 15).

The bankruptcy court stated that it would provide debtors 30 days to convert their case to a Chapter 7 petition, and stated that, if no such conversion took place, the court would allow the trustee's motion to dismiss without further hearing. The bankruptcy court entered an order on April 4, 2013, finding that "the debtors have not made any payments under their confirmed chapter 12 plan, and therefore cause exists to dismiss the debtors' case for failure to comply with terms of their plan." (DE 3-12). On May 7, 2013, the court entered an order dismissing the debtors' case for failing to make plan payments, noting that debtors had failed to file a notice of conversion within the time allowed under the court's April 4, 2013 order. (DE 3-15).

On May 21, 2013, appellant filed a notice of appeal of the bankruptcy court's dismissal order. (See DE 1-1). On August 21, 2013, appellant filed a brief in support of appeal, which is accompanied by various exhibits. On September 4, 2013, appellee filed a response, and on September 17, 2013, appellant filed a reply, which again is accompanied by additional exhibits. On October 15, 2013, appellant filed a motion to stay activity regarding foreclosure on appellant's home pending appeal.

## DISCUSSION

I.  **Standard of Review**

The court reviews "legal conclusions by the bankruptcy court de novo and may overturn its factual determinations only upon a showing of clear error." In re Quigley, 673 F.3d 269, 271 (4th Cir. 2012). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8009. This court has jurisdiction to hear appellant's appeal from the bankruptcy court's order dismissing the case for failure to make plan payments, as a final order of the bankruptcy court. See 28 U.S.C. § 158(a).

II.  **Analysis**

A failure to make a payment required under a confirmed bankruptcy plan is a material default and is cause for dismissal. See 11 U.S.C. § 1208(c)(6).

In this case, the bankruptcy court found that debtors "have not made any payments under their confirmed chapter 12 plan," and that cause thus existed to dismiss debtors' case for failure to comply with the terms of their plan. (DE 3-12). On appeal, appellant provides no basis upon which to disturb the factual finding of the bankruptcy court regarding delinquency in payments. Where the bankruptcy court made findings of delinquency on the basis of proffered evidence, which was not contradicted by testimony by debtors, the bankruptcy court properly found that debtors had not made payments under their plan and that such failure to make payments is cause for dismissal. See 11 U.S.C. § 1208(c)(6).

Instead of challenging the bankruptcy court's findings as to delinquency, appellant raises a wide variety of issues related to conduct by individuals and agencies purportedly involved both

3

within the bankruptcy proceedings and outside of the bankruptcy proceedings. With respect to matters within the bankruptcy case, plaintiff suggests that certain aspects of proceedings up through confirmation of the plan in August, 2011, were improper or involved collusion in some respect between his own counsel, government agents, and other individuals. For example, plaintiff states that the confirmation plan "was in fact alternated [sic] after the hearing date and the fact that the electronic incidents continue to interfere with the stay of this case." (Notice of Appeal, DE 1, at 1). He suggests that the confirmation plan "was set up from the beginning including the trustee, my own attorney David Mills, USDA, USDOJ." (Appellant's Brief, DE 17, at 3).

    This court, however, does not have jurisdiction to entertain these challenges to proceedings up through confirmation of the plan in August, 2011. Indeed, the bankruptcy court's August 30, 2011 order confirming the Chapter 12 plan was a final order, and plaintiff is precluded now from raising claims or issues that could have been raised upon entry of that order. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 269 (2010); In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996); U.S., Dep't of Air Force v. Carolina Parachute Corp., 907 F.2d 1469, 1473 (4th Cir. 1990). In any event, the confirmation plan was itself proposed by the debtors, and approved by the court upon finding that the plan was "proposed in good faith and not for any purpose prohibited by law," and that all objections to confirmation had been resolved. (DE 2-2).

    With respect to remaining issues referenced in appellant's papers on appeal, plaintiff makes various assertions regarding tampering with electronic equipment; malfunctioning internet websites and services; loss of records and emails; and surveillance by government agencies, contractors, and corporations. For example, appellant asserts in his notice of appeal that exhibits attached to his briefs will verify that "every cell phone conversation and email [are] being recorded by multiple

U.S. Government sources." (DE 1 at 2). Appellant attaches exhibits including printouts, screenshots, or other images of internet websites, articles, and computer pages, suggesting unexpected or missing items. (E.g., Id. at 6-17). Appellant has failed to demonstrate any material link between these assertions and the decision of the bankruptcy court on appeal, much less any ground for overturning the bankruptcy court's order of dismissal.

As a final matter, appellant filed a motion for stay on October 15, 2013, which the court construes as a motion to stay any pending foreclosure proceedings on his home pending appeal. Appellant seeks "a stay on our home during this appeal process without bond due to the extreme state-sponsored targeting and grievous actions that have destroyed the Days['] self-preservation activity." (DE 25). The motion reiterates many of the allegations previously raised concerning electronic tampering and monitoring. (See id.). The court finds that these assertions do not provide a legally cognizable basis for a stay pending appeal, and, where the court has found cause to now affirm the bankruptcy court's order of dismissal, the motion for stay will be denied.

## CONCLUSION

Based upon the foregoing, the bankruptcy court's decision granting appellee's motion to dismiss is AFFIRMED. Appellant's motion for stay (DE 25) is DENIED. The clerk is directed to close this case.

SO ORDERED, this the 17th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge